UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Degnan,

       Plaintiff,

     v.

Kathleen Sebelius
Secretary of Health and Human Services,[1]

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 08-325 ADM/AJB

_____

Charles Degnan, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.
_____

## I. INTRODUCTION

Plaintiff Charles Degnan ("Plaintiff") challenges the Secretary of Health and Human Services' ("Defendant") determination of Plaintiff's monthly Medicare Part B premiums. This matter is before the undersigned United States District Court Judge for a ruling on Defendant's Objections [Docket No. 34] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 28]. The R&R recommends Plaintiff's Motion for Summary Judgment [Docket No. 20] be granted in part and denied in part and that Defendant's Cross Motion for Summary Judgment [Docket No. 24] be granted in part and denied in part. For the reasons stated

---

[1]At the time Plaintiff filed his Complaint [Docket No. 1], Michael O. Leavitt served as the Secretary of Health and Human Services and was the named Defendant. At the time Magistrate Judge Arthur Boylan issued his Report and Recommendation, Charles E. Johnson served as the Acting Secretary of Health and Human Services and was the named Defendant. Kathleen Sebelius is the current Secretary of Health and Human Services and is now the named Defendant.

below, Defendant's Objections are overruled and the R&R is adopted. The procedural and factual background described in the R&R are incorporated by reference.

## II. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

The parties agree that there are no disputed facts and that the only issue is a question of statutory interpretation. Statutory interpretation begins with the language of the statute. See Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (when the statute's language is plain, courts must enforce it according to its terms). When the language of a statute is clear, the inquiry ends, and a court need not defer to a federal agency's contrary interpretation of the statutory scheme. Chevron v. U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 844 (1984); Horras v. Leavitt, 495 F.3d 894, 900 (8th Cir. 2007). If the language of the statute is ambiguous or silent, the issue for the court is whether the agency's interpretation of the statute is a reasonable one. Smiley v. Citibank, N.A., 517 U.S. 735, 744-45 (1996).

### B. Defendant's Objections

Defendant objects to Judge Boylan's statutory interpretation of 42 U.S.C. § 1395r and to his conclusion that § 1395r does not distinguish between a premium and a penalty. Objections at 1. Section 1395 provides, in relevant part:

> (a) Determination of monthly actuarial rates and premiums

(1) The Secretary shall, during September of 1983 and of each year thereafter, determine the monthly actuarial rate for enrollees age 65 and over which shall be applicable for the succeeding calendar year.

(2) The monthly premium of each individual enrolled under this part for each month after December 1983 shall be the amount determined under paragraph (3), adjusted as required in accordance with subsections (b), (c), (f), and (i) of this section and to reflect any credit provided under section 1395w-24(b)(1)(C)(ii)(III) of this title.

(3) The Secretary, during September of each year, shall determine and promulgate a monthly premium rate for the succeeding calendar year that (except as provided in subsection (g) is equal to 50 percent of the monthly actuarial rate for enrollees age 65 and over, determined according to paragraph (1), for that succeeding calendar year.

. . . .

(b) Increase in monthly premium

In the case of an individual whose coverage period began pursuant to an enrollment after his initial enrollment period (determined pursuant to subsection (c) or (d) of section 1395p of this title) and not pursuant to a special enrollment period under section 1395p(4) of this title, the monthly premium determined under subsection (a) of this section (without regard to any adjustment under subsection (i) of this section) shall be increased by 10 percent of the monthly premium so determined for each full 12 months (in the same continuous period of eligibility) in which he could have been but was not enrolled. . . .

(c) Premiums rounded to nearest multiple of ten cents

If any monthly premium determined under the foregoing provisions of this section is not a multiple of 10 cents, such premium shall be rounded to the nearest multiple of 10 cents.

. . . .

(f) Limitation on increase in monthly premium

For any calendar year after 1988, if an individual is entitled to monthly benefits under section 402 or 423 of this title . . . . for November and December of the preceding year, if the monthly premium of the individual under this section for December and for

> January is deducted from those benefits under section 1395s(a)(1) . . . of this title, and if the amount of the individual's premium is not adjusted for such January under subsection (i) of this section, the monthly premium otherwise determined under this section for an individual for that year shall not be increased, pursuant to this subsection, to the extent that such increase would reduce the amount of benefits payable to that individual for that December below the amount of benefits payable to that individual for that November (after the deduction of the premium under this section).

The parties agree that neither subsection (i) nor section 1395w-24(b)(1)(C)(ii)(III) apply to Plaintiff's monthly premium. Report at 16. Therefore, Plaintiff's monthly premium is the amount determined under paragraph (3), adjusted as required in accordance with subsections (b), (c), and (f).

Judge Boylan concluded the ALJ's statutory interpretation resulted in an incorrect calculation of Plaintiff's Medicare Part B premiums beginning in 2004 and continuing in subsequent years. In calculating Plaintiff's premium, the ALJ relied on the statute, the agency regulations relating to those provisions, 42 C.F.R. §§ 408.20-22, and sections of the Federal Register from 2006, 1989, 1987, and 1986. R&R at 7. Using these sections as his guide, the ALJ determined the monthly premium set by Defendant under paragraph (a)(3) was $58.70, $66.60, $78.20, and $88.50 for the years 2003, 2004, 2005, and 2006 respectively. Id. at 11. The ALJ then found that, pursuant to subsection (f), Plaintiff's yearly premium was adjusted so as not to exceed the Cost of Living Adjustment for the applicable year. Id. at 9. As a result, the ALJ announced that Plaintiff's premiums, as adjusted pursuant to subsection (f), were $58.70, $62.60, $67.20, and $75.50 for the years 2003, 2004, 2005, and 2006 respectively. Id. at 5. The ALJ further determined that, pursuant to subsection (b), the premiums for each year increased by 40% (a 10% increase for each of the 4 full 12 month periods in which Plaintiff could have been

but was not enrolled) of the premium announced by Defendant under paragraph (a)(3), resulting in a total monthly premium of $82.20, $89.20, $98.50, and $110.90 in years 2003, 2004, 2005, and 2006. See id. at 9. Plaintiff's gross social security old age insurance ("OAI") monthly retirement benefits were $186.70, $190.60, $197.80, and $210.90 in 2003, 2004, 2005, and 2006. Id. at 5, 19. Deducting the premiums, the ALJ's calculations resulted in a net OAI benefit to Plaintiff of $104.50, $101.40, $99.30, and $100.00 in 2003, 2004, 2005, and 2006.

Judge Boylan determined that the ALJ's calculation effectively rendered inoperative the portion of subsection (f) which refers to the limit on monthly increases because the ALJ calculated subsection (b) without regard to that segment of subsection (f). In other words, the ALJ calculated the adjusted premium determined under subsection (f) and then, pursuant to subsection (b), added 40% of the premium set by Defendant under paragraph (a)(3). Id. at 20. By calculating the premium using this method, Judge Boylan reasoned, the ALJ ignored the language of subsection (f), which provides that "the monthly premium otherwise determined under this section for an individual for that year shall not be increased, pursuant to this subsection, to the extent that such increase would reduce the amount of benefits payable to that individual for that December below the amount of benefits payable to that individual for that November (after the deduction of the premium under this section)." Id. Judge Boylan concluded that the plain language of the statute requires that the 40% increase in the premium under subsection (b) should be limited by the application of subsection (f). Id. Therefore, while Plaintiff's monthly premiums may increase pursuant to the annual amount set by Defendant under subsection (a)(3) and pursuant to the increase in monthly premium in subsection (b), Plaintiff's net OAI benefit after both the adjustments required by subsections (b) and (f) may not

5

be reduced below $104.50.  Id. at 18, 19.

Defendant argues that the language in subsection (f) should be read as limiting the ability to raise the premium under subsection (a) and not as limiting the extent to which subsection (b) may result in increased premiums.  Objections at 4.  Defendant urges that subsection (a)(2) provides for the adjustment of the basic premium amount determined by subsection (a) through subsection (b) or subsection (f), but does not require that the monthly premium determined under subsection (a)(3) first be adjusted under subsection (b) and then further adjusted under subsection (f).  Objections at 5.  Defendant further argues that subsections (b), (f), and (i) are referred to and described in the statute as distinct provisions, each to be determined on its own, without regard to other adjustments.  Id. at 5.

At issue here is whether subsection (f) is a limitation only on Defendant's ability to increase an individual's premium pursuant to subsection (a) or whether subsection (f) is also a limitation on the increase in monthly premium due to late enrollment under subsection (b).  As a starting point for analysis, the title of subsection (f) is "Limitation on increase in monthly premium" and the title of subsection (b) is "Increase in monthly premium."  The titles themselves of the two subsections imply subsection (f) is meant to limit the effect that the application of subsection (b) can have on the amount of an individual's monthly premium.  As Judge Boylan noted, subsection (b) uses the language "increase in monthly premium" and does not use the language "penalty" or "surcharge."  *Expressio unius est exclusio alterius* is a fundamental principle of statutory construction that the express designation of one thing may be properly construed to mean the exclusion of others not expressed.  Watt v. GMAC Mortg. Corp. 457 F.3d 781, 783 (8th Cir.) 2006.  Mindful of this principle, any increase pursuant to subsection

6

(b) is properly thought of as an increase in the amount of the premium, not a penalty or late fee. Defendant argues that the word "penalty" is used in subsection (h) and in recent legislation, and therefore, referring to the increase pursuant to subsection (b) as a "penalty" is permissible. Objections at 5-6. As the Supreme Court observed, "[w]e do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest." Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 341 (2005). The use of the word "penalty" in subsection (h) and its absence in all of subsection (b) lends support for the conclusion that the increase pursuant to subsection (b) is an increase in the premium and not a penalty or surcharge that should be added to the premium.

In accordance with subsection (f), "the monthly premium otherwise determined under this section for an individual for that year shall not be increased, pursuant to this subsection, to the extent that such increase would reduce the amount of benefits payable to that individual for that December below the amount of benefits payable to that individual for that November (after the deduction of the premium under this section)." This language dictates that Plaintiff's net benefit check in November and December of each year must remain the same, and therefore, the premium cannot be raised in an amount that would cause Plaintiff's net benefit check to decrease.

Given the plain language of the statute, Judge Boylan correctly calculated Plaintiff's premiums and his net benefit amounts. Report at 17-20. Judge Boylan properly enforced the statute according to its terms.

Having found that the plain language of the statute required a different calculation than

7

that used by the ALJ, Judge Boylan did not reach the issue of whether the agency's interpretation of the statute was a reasonable one. Id. at 20. However, Judge Boylan did note that the legislative and regulatory history supported Plaintiff's argument that the 1984 version of the statute, which expressly directed the agency to disregard subsection (b) when calculating subsection (f), was displaced by amendments to § 1395r contained in the Medicare Catastrophic Coverage Act of 1988, Pub. L. 100-360, § § 211 (b), (d), 102 Stat. 638, 738-39 (1988) (MCCA), which made no such reference. Id. at 20.

Defendant concedes that the 1988 amendment to subsection (f) removed six references to disregard subsection (b) and changed the premium calculation from the "amount determined under subsection (a)(2)" to "the monthly premium otherwise determined under this section." Objections at 10. For the first time during Plaintiff's appeal process, Defendant argues that a conforming amendment added to subsection (b) required that subsection (f) be disregarded when calculating subsection (b), thereby allowing the monthly increase in the premium pursuant to subsection (b) to be added to the adjusted premium pursuant to subsection (f). Objections at 10. The pertinent language of the conforming amendment is as follows:

> (b) In the case of an individual whose coverage period began pursuant to an enrollment after his initial enrollment period (determined pursuant to subsection (c) or (d) of section 1395p of this title), the monthly premium otherwise determined under this section (without regard to subsections (f) and (g)(6)) shall be increased by 10 percent of the monthly premium so determined for each full 12 months (in the same continuous period of eligibility) in which he could have been but was not enrolled.

Pub.L. 100-360, § 211 (c)(1)(E), 102 Stat. 683, 738 (1988).

Defendant argues that this language supports the position that no change was intended

8

with respect to the interaction between subsections (b) and (f). Objections at 11. However, subsection (b) refers to the increase in monthly premium. The plain language of subsection (b) requires the increase to be calculated "without regard to subsections (f) and (g)(6)." This is not the same as calculating the monthly premium pursuant to subsection (f) and then adding the increase in monthly premium pursuant to subsection (b). While the premium *increase* may be calculated "without regard" to subsection (f), the monthly premium as defined in subsection (a)(2) remains "the amount determined under paragraph (3), adjusted as required in accordance with subsections (b), (c), (f) and (i) of this section . . . ."

By way of example, in 2004, the premium set by Defendant under paragraph (a)(3) for January 2004 was $66.60. The increase in monthly premium pursuant to subsection (b), determined without regard to subsection (f), was $26.60 (40% of the premium rounded to the nearest multiple of 10 cents, pursuant to subsection (c)). Plaintiff's net benefit check in November 2003 would have been $104.50,[2] and his net benefit check in December 2003 would have been $97.40.[3] But under subsection (f), his net benefits could not fall below $104.50, and, thus, his premium amount could only be increased to $86.10.

In 1989, portions of the MCCA were repealed, including the conforming amendment to subsection (b), but the "hold harmless provision," subsection (f), was retained. Id. at 11-12. Defendant argues that the failure to retain the conforming amendment was an "oversight." Id. at

---

[2] $104.50 is Plaintiff's gross benefits minus the total of the standard premium announced by Defendant plus the monthly increase for late enrollees (determined without regard to subsection (f)) or $186.70 - ($58.70 + 23.50) = $104.50.

[3] $97.40 is Plaintiff's gross benefits minus the total of the standard premium announced by Defendant plus the monthly increase for late enrollees (determined without regard to subsection (f)) or $190.60 - ($66.60 + 26.60) = $97.40.

9

12 n.8. Defendant fails, however, to provide any evidence to support that assertion. Nevertheless, even if Defendant were correct, and Congress intended to retain the conforming amendment, as previously discussed, its language does not support Defendant's argument that the increase in monthly premium under subsection (b) should not be limited by subsection (f).

In Plaintiff's Response to Defendant's Objections, he asks for the first time that the Court decline to dismiss the Commissioner of Social Security as a defendant. Local Rule 72.2 requires a party to serve and file objections to the Magistrate Judge's order within 10 days after being served with a copy of the order; a party's failure to timely object precludes that party from assigning as error a defect in the Magistrate Judge's order. Accordingly, Plaintiff's request for relief is denied. Plaintiff also urges that the new arguments made by Defendant in its Objections support Plaintiff's due process claim and class relief for all Medicare Part B enrollees. These additional claims are not properly before the Court. Therefore, Plaintiff's requests for relief are denied.

### III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections [Docket No. 34] are **OVERRULED**;

2. The R&R [Docket No. 28] is **ADOPTED;**

3. Plaintiff's Motion for Summary Judgment [Docket No. 20] is **GRANTED IN PART AND DENIED IN PART;**

4. Defendant's Motion for Summary Judgment [Docket No. 24] is **GRANTED IN PART AND DENIED IN PART**; and

5. The matter is remanded to Defendant for calculation of Medicare Part B premiums beginning in the year 2004, and each subsequent year, consistent with the processed explicated in the R&R.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 28, 2009.